# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-0650V
### Filed: September 26, 2014
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |  |
|---|---|---|
| | * | |
| SARAH TOOR, | * | |
| | * | |
| Petitioner, | * | Decision by Stipulation; Attorney's |
| | * | Fees & Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Peter H. Meyers*, National Law Center, Washington, DC, for Petitioner.

*Debra A. Filteau Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On September 27, 2010, Ms. Toor filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). On July 29, 2014, I dismissed petitioner's claim in a Decision Denying Entitlement To Compensation.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

On September 24, 2014, counsel for both parties filed another joint stipulation, this time in regards to attorneys' fees and costs. The parties have stipulated that Petitioner is not requesting reimbursement for attorneys' fees and costs for work performed by her current attorney, Peter H. Meyers, and she therefore waives her right to seek further attorneys' fees or costs for work performed by her current counsel, Peter H. Meyers.

Petitioner does, nevertheless, seeks fess for her former counsel, Ronald C Homer, in the amount of $1,996.60, in the form of a check payable to Petitioner and Petitioner's former counsel. Additionally, Petitioner had filed a statement of costs in compliance with General Order No. 9, stating that she did not incur any additional costs while pursuing this claim. This amount represents a sum to which Respondent does not object.

I approve the requested amount for attorneys' fees and costs as reasonable. Accordingly, an award should be made in the form of a check payable jointly to Petitioner and Petitioner's former counsel, Ronald C. Homer. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]


**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by both (either separately or jointly) filing a notice renouncing their right to seek review.